**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAMELA McKENNA,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 18-6063
(D.C. No. 5:17-CV-00157-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Pamela McKenna appeals from the district court's order denying her

application for social security disability insurance benefits and supplemental security

income benefits.  Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

§ 405(g), we affirm.

Ms. McKenna worked as a senior programmer analyst until June 3, 2011, when

she was laid off.  At the time of the hearing before an administrative law judge (ALJ)

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

she was 55 years old. She claimed she became disabled on the date she was laid off because of various physical impairments and depressive disorder. The sole testimony at the ALJ hearing was by Ms. McKenna and a vocational expert (VE). On June 4, 2015, the ALJ determined that Ms. McKenna had the residual functional capacity (RFC) to perform light work limited by, among other things, an ability to stand and/or walk for only a total of two hours during an eight-hour workday, the need for an assistive walking device, and the need to alternate sitting and standing at the workstation. At step four of the controlling five-step sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step framework for determining disability), the ALJ concluded that Ms. McKenna could perform her past work as a senior programmer analyst and she therefore was not disabled under the Social Security Act. The Appeals Council denied review, and the district court affirmed.

Because we review de novo the district court's rulings in a social security case, "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Id.* (internal quotation marks omitted). "[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

Ms. McKenna challenges the ALJ's determination of her ability to sit or stand while working. Although she acknowledges that "[t]he ALJ's RFC allowed for the option to alternate sitting and standing positions at the workstation," Aplt. Br. at 4

2

(internal quotation marks omitted), she argues that the ALJ failed to specify the frequency of the need to sit or stand, so a remand to the ALJ is necessary for clarification. She relies on SSR 96-9p, 1996 WL 374185, at *7, which states that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." But the Ruling applies only to people with sedentary, unskilled occupations. *See id.* **4-5 (explaining that the Ruling's purpose is to provide guidelines for evaluating whether a claimant can perform "sedentary unskilled occupations"); *see also id.* at *7 (observing that the need to alternate sitting and standing may erode "the occupational base for a full range of unskilled sedentary work"). Ms. McKenna's past work, however, was skilled work.

Moreover, at step four it is Ms. McKenna's burden to establish that she is unable to perform her job as a senior programmer analyst both as she actually performed that work in the past and as it is generally performed in the national economy. *See O'Dell v. Shalala*, 44 F.3d 855, 859-60 (10th Cir. 1994). The VE testified that because the essential function of Ms. McKenna's past work is cognitive, it allows for flexibility in physical positioning. And Ms. McKenna does not claim that her past work does not allow her to alternate sitting and standing as needed. Thus, the ALJ was not required to be more specific concerning Ms. McKenna's sit-stand requirements.

We affirm the district court's judgment.

Entered for the Court


Harris L Hartz
Circuit Judge